UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAY L. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1549-JAR |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION and FEDERAL | ) |
| BUREAU OF ALCOHOL, TOBACCO, | ) |
| FIREARMS, AND EXPLOSIVES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 18 U.S.C. § 925A. The motion is granted. Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against defendants the Federal Bureau of Investigation Criminal Justice Information Section ("FBI") and the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), claiming erroneous denial of a firearm. Plaintiff alleges that on December 2, 2017, he attempted to purchase a firearm and that the transaction was denied by the National Instant Criminal Background Check System ("NICS"), which is managed by the FBI's Criminal Justice Information Section. Plaintiff states he sent requests for information to NICS, and NICS stated that plaintiff was prohibited from obtaining a firearm under 18 U.S.C. § 922(n). Section 922(n) states that it is unlawful for any person "who is under indictment for a crime punishable by imprisonment for a term exceeding one year . . . to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Plaintiff alleges the United States, though its agencies the FBI and ATF, "ha[s] improperly denied him his right to lawfully receive a firearm based on information that does not violate federal or state law." He seeks the correction of FBI's Criminal Justice Information Section's records.

## Discussion

Under 18 U.S.C. § 925A, a person denied a firearm pursuant to 18 U.S.C. § 922 due to erroneous information by any State or political subdivision or by the NICS "may bring an action against the State or political subdivision responsible for providing the erroneous information, or

responsible for denying the transfer, or against the United States" for an order directing the information be corrected, or the transfer approved. *See* 18 U.S.C. § 925A; *see, e.g., Ross v. FBI, et al.*, 903 F. Supp. 2d 333 (D. Md. 2012) (granting summary judgment in favor of pro se plaintiff against FBI and ATF and finding plaintiff was erroneously prevented from purchasing a firearm). Liberally construed, the Court finds plaintiff has stated a plausible claim against defendants under 18 U.S.C. § 925A, and will order the Clerk of Court to issue process on defendants the FBI and the ATF.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendants the Federal Bureau of Investigation Criminal Justice Information Section and the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives pursuant to Federal Rule of Civil Procedure 4(i).

Dated this 11th day of January, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE