UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAY L. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01549-JAR |
| | ) | |
| FEDERAL BUREAU | ) | |
| OF INVESTIGATION, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FEDERAL BUREAU OF ALCOHOL, | ) | |
| TOBACCO, FIREARMS AND | ) | |
| EXPLOSIVES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or for Summary Judgment. (Doc. 8.) Plaintiff Ray L. Alexander has not responded and the deadline for responding has passed. E.D. Mo. L.R. 4.01(B).

### Background[1]

On September 21, 2017, in St. Clair County, Illinois, a police officer pulled up behind Plaintiff's silver Infinity and activated the cruiser's lights. Plaintiff fled. He was eventually stopped and arrested. In the car were two firearms—an AR15-style carbine rifle and a 9mm handgun.—neither of which Plaintiff was licensed to carry in the State of Illinois. Prosecutors

---

[1] The facts are taken from Defendants' Statement of Uncontroverted Material Facts. (Doc. 9.) The Court will cite specific facts as necessary.

1

charged Plaintiff with two Class-A misdemeanors for the unlawful use of weapons and a Class 4 Felony for aggravated fleeing and attempting to elude a peace officer.[2] Class 4 felonies carry prison sentences of one-to-four years. Plaintiff was subsequently arraigned and released on bail.

On December 2, 2017, Plaintiff attempted to buy a firearm from Grab-A-Gun.com, an online gun store based in Coppell, Texas. He directed the seller to ship the gun to MDRF Enterprises, a local gun shop based in St. Louis. Like all formal gun sales from an authorized online firearms retailer, the attempted purchase triggered a search of the National Instant Criminal Background Check System ("NICS"), to determine if Plaintiff was barred from receiving or possessing a gun under state or federal law. The NICS search indicated that Plaintiff was then under a criminal information for a crime punishable by one year or more and generated a "deny" directive. In response, a NICS examiner reviewed the St. Clair County Circuit Court website and confirmed that Plaintiff's criminal record barred the purchase.

Plaintiff filed several unsuccessful appeal requests and then, on September 13, 2018, filed suit against the FBI and ATF, alleging that they "improperly denied [his] right to lawfully receive a firearm based on information that does not violated Federal or State law." (Doc. 1.) He alleges that, as part of his appeals, he "sent documentation to NICS, which included information properly nullifying its original 'Denied' response," but does not identify the documents or information. (*Id.*) On March 25, 2019, Defendants filed this motion. (Doc. 8.)

**Discussion**

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted against ATF because that agency is not involved in the NICS system or the background check

---

[2] Plaintiff was charged with *aggravated* fleeing because he disobeyed two or more official traffic control devices. *See* 625 Ill. Comp. Stat. 5/11-204.1(a)(4).

2

process. (Docs. 9, 10.) In the alternative, Defendants argue that they are entitled to summary judgment because it properly denied Plaintiff's attempted purchase. (*Id.*)

### *ATF's Motion to Dismiss*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

The Court finds that Plaintiff has not pleaded factual content to allow the Court to draw the reasonable inference that ATF is responsible for the denial of his attempted purchase. In 1993, Congress passed the Brady Handgun Violence Prevention Act, PL 103-159, November 30, 1993, 107 Stat 1536, to "provide for a waiting period before the purchase of a handgun, and for the establishment of a national instant criminal background check system to be contacted by firearms dealers before the transfer of any firearm." Congress further pronounced that "[t]he FBI will be responsible for maintaining data integrity during all NICS operations" and directed "[t]he FBI NICS Operations Center, upon receiving [a] request for a background check [to] . . . [s]earch the

3

relevant databases (i.e., NICS Index, NCIC, III) for any matching records" and either approve or deny the sale. 28 C.F.R. §§ 25.5-.6.

Nowhere in the authorizing legislation or regulatory statutes pertaining to the NICS is ATF vested with responsibility for reviewing or determining a prospective buyer's eligibility. Instead, as Defendants assert in their motion, that responsibility is vested solely in the FBI. Accordingly, Plaintiff's assertion that he was wrongly denied does not state a claim against ATF upon which relief may be granted, and the Court will grant the motion to dismiss ATF from the suit.

### *Defendants' Motion for Summary Judgment*

A court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

There being no genuine dispute of material fact,[3] the Court must determine whether Defendants are entitled to judgment as a matter of law on Plaintiff's claims against them. Judgment as a matter of law is appropriate only when there is no legally sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party. Fed. R. Civ. P. 50(a).

Federal law prohibits the transfer of a firearm to anyone "who is under indictment for a crime punishable by imprisonment for more than one year." 18 U.S.C. § 922(n). When Plaintiff

---

[3] Plaintiff failed to respond to Defendants' statement of uncontested material fact and they are, therefore, deemed admitted. (Doc. 9.)

4

attempted to purchase a firearm from Grab-A-Gun.com, he triggered a NICS search that showed that he was under indictment for aggravated fleeing and attempting to elude a peace officer, a Class 4 felony in Illinois punishable by one to three years in prison. 625 Ill. Stat. Comp. 5/11-204.1(b); 5/5-4.5-45.

Because Plaintiff was prohibited from receiving a firearm from Grab-A-Gun.com, the FBI's denial of Plaintiff's attempted purchase was appropriate and, as such, it is entitled to judgment as a matter of law. Because ATF was in no way involved in the denial of Plaintiff's attempted purchase, it, too, is entitled to judgment as a matter of law. As such, the Court will grant their motion for summary judgment.

## Conclusion

ATF was not involved in the review or denial of Plaintiff's attempted purchase. As such, Plaintiff cannot state a claim against ATF on which relief may be granted. The FBI was involved in the NICS background check and did deny the attempted purchase, but because it did so pursuant to federal law, it is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or for Summary Judgment (Doc. 8), is **GRANTED.**

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 2nd day of March, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE